UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff/Respondent,<br><br>    v.<br><br>AARON EDWARD PRATT,<br><br>           Defendant/Movant. | No. 2:01-cr-00152 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner, brings a challenge under 28 U.S.C. § 2255 to his pre-Booker Guidelines sentence. ECF No. 35. Movant seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Id. The United States opposes the motion, ECF No. 50, and movant has replied, ECF No. 57. Supplemental briefs were filed at the request of the court. ECF Nos. 58, 59, 60. Because the Ninth Circuit has recently held that "Johnson did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review," United States v. Blackstone, 903 F.3d 1020, 1028 (9th Cir. 2018), the undersigned concludes that the motion must be denied as untimely.[1]

////

////

---

[1] Movants' more recent applications for alternative relief, ECF Nos. 64 & 65, will be addressed separately upon conclusion of briefing.

1

I.     BACKGROUND

Mr. Pratt was charged by Information with five bank robberies that were committed in January and February of 2001. ECF No. 1. He pled guilty to all five counts on May 16, 2001, pursuant to a binding plea agreement under FRCP 11(e)(1)(C) (now FRCP 1(c)(1)(C)). See ECF No. 6 (superseding plea agreement); ECF No. 8 (change of plea and sentencing); ECF No. 9 (judgment and commitment).[2] The parties stipulated to Guidelines calculations that were predicated in part on movant's agreement that he was a career offender. See ECF No. 6, ¶ 17(a).

The stipulated sentence of 235 months represents the low end of the Guidelines range, calculated as follows in the plea agreement:

| | |
|---|---|
| Base Offense Level: | 32 (2B3.1 & 4B1.1) |
| Acceptance of Responsibility: | -3 (3E1.1) |
| Departure: | +4 (5K2.0)[3] |
| Total Offense Level: | 33 |
| Criminal History Category: | VI |
| Sentencing Range: | 235-293 months (33 / VI) |

See ECF No. 6 at ¶ 17 (a)-(d).

The plea agreement did not include details of movant's criminal history or specify the basis for career offender status. The parties do not dispute that movant's criminal history includes prior convictions for federal bank robbery, in violation of § 2113; state robbery in violation of Cal. Penal Code § 211; and possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a); all imposed within 10 years of the robberies to which he pled guilty in this case.[4]

Mr. Pratt was sentenced in accordance with the plea agreement, and he did not appeal. In 2002 he filed a motion under § 2255, which was denied. ECF Nos. 11, 31.

---

[2] The plea agreement also resolved alleged supervised release violations in two other cases.
[3] Pratt agreed that a four-level upward departure was warranted, so that he would receive additional punishment for all five robberies. See ECF No. 6 at ¶17(c).
[4] Although the plea agreement contemplated the preparation of a Presentence Report, see ECF No. 6 at ¶ 18, no PSR was ordered.

2

The motion now before the court was initiated in pro se on May 12, 2016, alleging that the Guidelines career offender enhancement was invalid in light of Johnson, supra. ECF No. 35. The Ninth Circuit subsequently granted leave to proceed on the successive motion, ECF No. 41, and appointed counsel then appeared on movant's behalf, ECF No. 45.

## II. THE MOTION

The original § 2255 motion contends that Mr. Pratt's prior conviction for unarmed robbery, Cal. Penal Code § 211, does not qualify as a crime of violence under Johnson, and therefore cannot support a career offender enhancement under § 4B1.1. In his reply, movant argues that Johnson undermines two distinct and required predicates for career offender status under § 4B1.1: that the crime of conviction constitute a crime of violence, and that two or more prior convictions constitute crimes of violence. Movant contends that after Johnson, neither federal bank robbery nor California robbery will sustain the Guidelines career offender enhancement.

Respondent argues that movant's claims are procedurally defaulted; that Johnson does not apply retroactively to collateral Guidelines challenges; and that movant's Johnson theory fails because petitioner's commitment offense and prior offenses constitute crimes of violence even after Johnson.

## III. PERTINENT STATUTORY AND GUIDELINES FRAMEWORK

The federal bank robbery statute, which is the basis for Mr. Pratt's convictions, provides in pertinent part as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

The career offender provision of the U.S. Sentencing Guidelines in effect at the time of Mr. Pratt's sentencing provided as follows:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (2000).[5]

Section 4B1.2 defined "crime of violence" as follows:

> (a) . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2000).

Application Note 1 of the Commentary to § 4B1.2 provides in relevant part as follows:

> For purposes of this guideline –
>
> . . . "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. . . .

USSG § 4B1.2 cmt. n.1 (2000).[6]

////

////

---

[5] See http://www.ussc.gov/guidelines/archive/2000-federal-sentencing-guidelines-manual.
[6] The Guidelines commentary "is akin to an agency's interpretation of its own legislative rules" and if it "does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." Stinson v. United States, 508 U.S. 36, 45 (1993) (quotations omitted).

4

## IV. ANALYSIS

### A. *Johnson* and Progeny

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the U.S. Supreme Court held that the residual clause of the Armed Career Criminals Act is void for vagueness. The provision at issue had required sentences of 15 years to life sentence in 18 U.S.C. § 922(g) felon-in-possession cases where the defendant had been convicted of three or more prior "violent felonies" – defined as felonies involving "conduct that presents a serious potential risk of physical injury to another." <u>Johnson</u>, 135 S. Ct. at 2255-56. The Supreme Court found that this definition of violent felony violates due process when used to require an enhanced sentence, because it does not give sufficient notice to defendants of the conduct that will support the enhancement, and because it invites arbitrary enforcement by judges. <u>Id.</u> at 2557. Only the ACCA's residual clause was held unconstitutional; the statute's alternate definitions of "violent felonies," including the definition based on the elements of the offense, remain in force. <u>Id.</u> at 2563. <u>Johnson</u> constitutes a new rule of substantive criminal procedure that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

In <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2017), the Court applied <u>Johnson</u> to invalidate the Immigration and Nationality Act's incorporation of 18 U.S.C. § 16(b)'s residual clause. That statutory language defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." <u>Dimaya</u>, 138 S. Ct. at 1211. The Court found that because this language is impermissibly vague under <u>Johnson</u>, it cannot be incorporated into the INA's definition of an "aggravated felony" which requires mandatory deportation. <u>Id.</u> at 1223. Like <u>Johnson</u>, <u>Dimaya</u> involved a prior that had been found to qualify as a crime of violence under the residual clause and not on the basis that an element of the offense involves the use of force. <u>Id.</u> at 1211 (immigration court held pursuant to residual clause that first-degree burglary is a crime of violence because it "carries a substantial risk of the use of force").

In <u>Beckles v. United States</u>, 137 S. Ct. 886, 890 (2017), the Court held that <u>Johnson</u> does not invalidate the U.S. Sentencing Guidelines' use of identically-worded residual clauses – at

least after United States v. Booker, 543 U.S. 220 (2005) – because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."[7] The majority focused on the advisory nature of the Guidelines, and concluded that because they "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." Id. at 894. Justice Sotomayor's concurring opinion noted that it remained an open question whether a pre-Booker defendant, who was subject to a mandatory higher sentencing range under the Guidelines, could bring a Johnson challenge. Id. at 903 n.4 (Sotomayor, J., concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in Booker . . . may mount vagueness attacks on their sentences.").

B. Timeliness and Retroactivity

Generally, motions under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Mr. Pratt was convicted in 2001, so the statute of limitations had long since expired when his motion was filed. However, § 2255(f)(3) provides an alternative commencement date for the limitations period, which movant relies on here. It permits individuals to file § 2255 motions up to one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As noted above, the Supreme Court has held that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1265. Welch, however, can only support a later filing deadline for cases governed by Johnson, and the Supreme Court held in Beckles that Johnson is inapplicable to Guidelines challenges – at least in the post-Booker context.

The question then becomes whether the right announced in Johnson and given retroactive effect on collateral review in Welch is applicable to individuals who, like Mr. Pratt, were

---

[7] United States v. Hernandez-Lara, 817 F.3d 651, 652 (9th Cir. 2016) (per curiam), vacated and remanded, 138 S. Ct. 1976 (2018), which had found in a post-Booker case that U.S.S.G. § 2L1.2(b)(1)(C) is void for vagueness under Johnson, is no longer good law.

sentenced prior to the decision in Booker and whose Guideline calculation involved application of § 4B1.2.  The Ninth Circuit has answered this question in the negative.  United States v. Blackstone, 903 F.3d 1020, 1028 (9th Cir. 2018) ("Johnson did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review.").[8]

Like the instant case, Blackstone presented a challenge to a pre-Booker sentence that had been enhanced by application of the career offender Guideline.  Like Mr. Pratt, the movant in Blackstone contended that California robbery could not constitute a crime of violence under U.S.S.G. § 4B1.2 after Johnson.  Because this court is bound by the Ninth Circuit's decision in Blackstone, it must find that the right asserted here has not been made retroactive to cases on collateral review and that the § 2255 motion is therefore untimely.  See also, United States v. Castanon, No. 1:96-cr-05272 DAD, 2019 U.S. Dist. LEXIS 73820 (E.D. Cal. May 1, 2019) (reaching same conclusion in similar case).

V.     CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that the motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 35) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In

---

[8] The majority of federal appellate courts to address this issue have reached the same conclusion. See United States v. Pullen, 913 F.3d 1270, 1284 (10th Cir. 2019); Russo v. United States, 902 F.3d 880, 882-84 (8th Cir. 2018); United States v. Green, 898 F.3d 315, 319-23 (3d Cir. 2018); United States v. Greer, 881 F.3d 1241, 1247 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018); United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017), cert. denied, 139 S. Ct. 14 (2018); Raybon v. United States, 867 F.3d 625, 630 (6th Cir. 2017).  The Seventh Circuit has taken a different view.  See Cross v. United States, 892 F.3d 288, 294, 307 (7th Cir. 2018).

his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2255(c)(1).

DATED: June 12, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE