UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>AARON EDWARD PRATT,<br><br>Defendant/Petitioner. | No. 2:01-cr-00152 WBS AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding through counsel, seeks relief under 28 U.S.C. § 2241. ECF No. 64. Petitioner seeks recalculation of good time credits pursuant to the First Step Act, and immediate transfer to community confinement. The United States has opposed the motion. ECF No. 72.

I. Background

In 2001, Mr. Pratt pled guilty to five counts of bank robbery and was sentenced to a total of 235 months imprisonment.[1] He is currently serving that sentence at USP Atwater, within the Eastern District of California. Petitioner represents that he is scheduled to be transferred to a Residential Reentry Center on July 23, 2019, and to be released from BOP custody on January 16,

---

[1] This sentence was predicated in part on a stipulation that petitioner qualified as a career offender under U.S.S.G. § 4B1.1. Petitioner has challenged his career offender enhancement in a motion under 28 U.S.C. § 2255; findings and recommendations are pending. See ECF No. 71. The matters raised in the instant petition are independent of those presented in the § 2255 context.

2020.  ECF No. 64 at 2.  The Federal Bureau of Prisons represents that the current projected release date is February 10, 2020.  ECF NO. 72-1 at 1.  Mr. Pratt contends that he is entitled to immediate recalculation of good time credits under the provisions of the First Step Act, which would advance his release date to October 5, 2019.  ECF No. 64 at 2.

II. The First Step Act

A federal inmate can hasten his release from prison by obtaining good time through "exemplary compliance with institutional disciplinary regulations."  See 18 U.S.C. § 3624(a)-(b).  As enacted as part of the Sentencing Reform Act of 1984, the statute provides for "credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment."  § 3624(b).  The BOP's method of calculating good time, which has been pegged to time actually served rather than the sentence imposed, results in prisoners actually receiving 47 days of credit for each year of the term of imprisonment.  This method of computation has been upheld by the courts.  See Barber v. Thomas, 560 U.S. 474 (2010); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, Congress enacted a package of federal prison and sentencing reforms.  Among other things, the Act changes the process by which BOP calculates custody credits.  The Ninth Circuit has described the two amendments codified in subsection 102(b) of the Act as follows:

> First, paragraph 102(b)(1) amends § 3624(b) – the good time credit provision – to require the BOP to permit up to 54 days per year. § 102(b), 132 Stat. at 5210. Second, paragraph 102(b)(1) amends § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system. Id. at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196-97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210-13.
>
> Subsection 102(b) also includes an effective-date provision in paragraph 102(b)(2), and a retroactivity provision in paragraph 102(b)(3).

2

**SEC. 102. IMPLEMENTATION OF SYSTEM AND RECOMMENDATIONS BY BUREAU OF PRISONS.**

(b) PRERELEASE CUSTODY.— . . .

(2) EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.

(3) APPLICABILITY.—The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987.

Id. at 5208, 5210, 5213.

Bottinelli et al. v. Salazar, No. 19-35201, 2019 U.S. App. LEXIS 20876, 2019 WL 3071298 (July 15, 2019), slip op. at 2-3.

Here, petitioner contends that he became entitled to recalculation of his sentence upon passage of the Act, and that the effective date provision of § 102(b)(2) applies only to the amendment regarding earned time credits and not to that regarding computation of good time credits. The United States argues that the effective date provision applies to the good time credit amendment, and requires denial of the petition.

III. Discussion

A. Petitioner's Request for Interim Relief in the Form of RCC Placement is Moot

At the outset, the court recognizes that petitioner's request for early, interim transfer to an RRC may have been mooted by the passage of time since the petition was filed on May 7, 2019. See ECF No. 64. The petition requested immediate transfer to an RRC pending determination of the First Step Act issue. Id. at 2. Petitioner then anticipated that, absent court action, he would be transferred to an RRC on July 23, 2019. Id. That date is now imminent, and earlier RRC placement is no longer practically available.

Petitioner has not been prejudiced by the delay in addressing his request for interim relief, however, because his substantive claim for relief under the First Step Act fails for the reasons explained below. Even if the request were not moot, for the reasons that follow petitioner has not demonstrated the extraordinary circumstances or high probability of success on the merits that are

3

required for interim relief.  See United States v. McCandless, 841 F.3d 819, 822 (9th Cir. 2016).

B. Jurisdiction

A federal district court may grant habeas relief to a federal prisoner if his custody violates federal law.  See 28 U.S.C. § 2241.  While a federal prisoner challenging the validity of a conviction must bring a petition under Section 2255, a petitioner challenging the manner, location, or execution of that sentence must ordinarily rely on a petition under Section 2241.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  The BOP, rather than the sentencing court, calculates a federal prisoner's entitlement to sentencing credit in the first instance.  See United States v. Wilson, 503 U.S. 329, 335 (1992).  The BOP's calculation of sentencing credit constitutes a sentence's execution and may be challenged in a Section 2241 petition.  See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).  A federal prisoner must file a Section 2241 petition in the district of his custodian, not the district that sentenced him.  See Hernandez, 204 F.3d at 865.

The United States contends that the court lacks jurisdiction because the petition was improperly filed in the underlying "closed" criminal case and not as a separate civil action.  ECF No. 72 at 2-3.  The court rejects the argument that its jurisdiction depends on the administrative classification of a pleading rather than its substance.  Whether filed within the criminal case or assigned a separate civil case number, the petition raises matters that this court indisputably has jurisdiction to consider under § 2241, and petitioner seeks relief that this court indisputably has jurisdiction to grant under that statute and the authorities cited above.  Accordingly, the court turns to the merits of the matter.

C. The Statutory Amendments On Which Petitioner Relies Are Not Yet In Effect

The dispositive issue here is whether the "effective date" provision of § 102(b) applies to the Act's amendment of the method for calculating good time credits.  This court need not independently analyze this question of statutory interpretation, because the Ninth Circuit settled the matter this week.  In Bottinelli, supra, the Court of Appeals denied the joint petition of eight

////

////

4

federal inmates, and held that the First Step Act's "good time fix"[2] is not immediately effective but is subject to the effective date provision. See Bottinelli, slip op. at 13, 2019 U.S. App. LEXIS 20876 at *13, 2019 WL 3071298 at *5. The Court of Appeals rejected the petitioners' arguments based on the language and structure of the statute, slip op. 5-11, and those based on constitutional considerations, slip op. at 11-13. The opinion thus forecloses all the arguments petitioner makes here.

Even prior to Bottinelli, the judges of this district have uniformly concluded that federal inmates are not entitled to immediate recalculation of their sentences based on the Act's "good time fix." See, e.g., Costa v. Parr, Case No. 1:19-cv-00318 LJO JDP, ECF Nos. 14 (Findings and Recommendations filed June 14, 2019), 16 (order filed July 10, 2019, adopting Findings and Recommendations and denying relief); Sonora-Barron v. Puentes, Case No. 1:19-cv-00223 AWI JDP, ECF Nos. 6 (Findings and Recommendations filed March 15, 2019), 7 (order filed May 3, 2019, adopting Findings and Recommendations and denying relief); United States v. Turnquist, Case No. 1:12-cr-173 AWI, ECF No. 87 (order filed March 14, 2019, denying relief); Kornfeld v. Puentes, Case No. 1:19-cv-263 DAD JLT, ECF No. 6 (Findings and Recommendations filed March 1, 2019, recommending denial of relief) (pending); Rizzolo v. Puentes, Case No. 1:19-cv-290 DAD SKO, ECF No. 6 (Findings and Recommendations filed March 15, 2019, recommending denial of relief) (pending).

Pursuant to the Ninth Circuit's ruling in Bottinelli, the undersigned must reject petitioner's claim that he has been wrongly denied the immediate benefit of the First Step Act's amendment to the method for calculating good time credit. That amendment does not become effective until the establishment of the required "risks and needs assessment system" by the Attorney General. Bottinelli, slip op. at 13. Accordingly, no rights of petitioner's have been violated and the petition must be dismissed.

////

---

[2] Petitioner refers to the amendment as a "fix" because it was intended to implement Congress's original intent that 18 U.S.C. § 3624(b) provide 54 days of credit annually. See ECF No. 64 at 5-6.

5

The undersigned is well aware that the statutory deadline for BOP's competition of the assessment system is July 19, 2019, on the heels of these Findings and Recommendations. See id. When that system is released petitioner's credits and projected release date must be recalculated, and this court must presume that BOP will do so in conformance with the First Step Act. See generally, Kohli v. Gonzales, 473 F.3d 1061, 1068 (9th Cir. 2007) (agencies are entitled to a presumption that they act properly and according to the law). If Mr. Pratt is dissatisfied with that recalculation, he must exhaust the administrative remedies provided by BOP before presenting the matter to this court. See Chua Han Mow v. United States, 730 F. 2d 1308, 1313 (9th Cir. 1984) (inmate must exhaust administrative remedies regarding BOP calculation of custody credits before bringing suit), cert. denied, 470 U.S. 1031 (1985).[3] Because the instant petition does not and cannot encompass any future error by BOP, the imminent deadline and attendant future applicability of the "good time fix" to Mr. Pratt cannot support relief on the instant petition.

## CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that the § 2241 petition, ECF No. 64, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In

---

[3] The government has argued that the instant petition should be denied on the alternative grounds that petitioner did not exhaust his administrative remedies. ECF No. 72 at 10; see also ECF No. 72-1 (Declaration of Jennifer Vickers, a BOP Paralegal Specialist, declaring that petitioner did not file any administrative complaint regarding good time calculations sought by the petition). There is no reason for the court to reach this issue, as Bottinelli compels denial of the petition on its merits.

his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2255(c)(1).

DATED: July 17, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE